## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF TEXAS
## FORT WORTH DIVISION

| | | |
|---|---|---|
| PHARMA 101, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: _____ |
| | ) | |
| vs. | ) | |
| | ) | |
| METHOD | ) | |
| PHARMACEUTICALS, LLC | ) | Jury Trial Requested |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

## COMPLAINT

Plaintiff Pharma 101, LLC ("Pharma 101"), by and through its undersigned counsel, alleges the following as its Complaint against Defendant Method Pharmaceuticals, LLC ("Method"):

## NATURE OF THE ACTION

1.      This is an action for judicial review of a final decision of the Trademark Trial and Appeal Board ("TTAB") under Section 21(b)(1) of the Lanham Act, 15 U.S.C. § 1071(b)(1).

2.      Specifically, Pharma 101 seeks to overturn the TTAB's cancellation of United States Trademark Registration No. 899,086 for the trademark ESTRATEST in  Cancellation No. 92068970.

**COMPLAINT**                                                                                              **Page 1 of 14**

## THE PARTIES

3.     Pharma 101 is a limited liability company formed under the laws of the State of Georgia with a corporate office at 7725 Pleasant Hollow Lane, Cumming, Georgia 30041.

4.     Pharma 101 is a specialty pharmaceutical company engaged in the field of pharmaceutical sales, marketing, manufacturing, and distribution management.

5.     Upon information and belief, Method is a limited liability company organized and existing under the laws of the State of Texas with a corporate office 7333 Jack Newell Blvd, Suite 300, Fort Worth, Texas 76244.

6.     Method is also a pharmaceutical company.

## JURISDICTION AND VENUE

7.     This is an action for judicial review of a final decision of the USPTO TTAB pursuant to 15 U.S.C. § 1071(b)(1).

8.     This Court has subject matter jurisdiction over this action pursuant to 15 U.S.C. § 1071(b)(1), which provides that a party dissatisfied with a final decision of the TTAB may institute a civil proceeding challenging such a decision.  This Court also has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338.

9.     Method is subject to personal jurisdiction in this Court because Method maintains a regular and established place of business within this district, conducts

business within this district pertaining to the subject matter of this action, and is headquartered within this district.

10.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) because Method has a regular and established place of business in this district and resides in this district by virtue of being subject to personal jurisdiction herein.

## FACTUAL ALLEGATIONS

11.    The name ESTRATEST has been federally registered as a trademark for over fifty years for use in connection with hormone replacement therapy preparations ("ESTRATEST Trademark").  The ESTRATEST Trademark has been protected by U.S. Trademark Registration No. 899,086 ("ESTRATEST Registration") for use in connection with male and female hormone tablets since the registration issued on September 22, 1970.  The ESTRATEST Registration is incontestable.  A true and correct copy of the ESTRATEST Registration is attached as Exhibit A and incorporated herein by reference.

12.    The original owner of the ESTRATEST Registration, Reid-Rowell, Inc., assigned the ESTRATEST Registration to Solvay Pharmaceuticals, Inc. ("Solvay") in 1991.  Solvay subsequently assigned the ESTRATEST Registration to Abbott Products, Inc. ("Abbott") in 2010, and then Abbott later assigned it to AbbVie Products LLC ("AbbVie") in 2012.   In 2018, AbbVie assigned the

ESTRATEST Trademark, its associated goodwill, and the ESTRATEST Registration to Pharma 101.

13.     As a result of these assignments, Pharma 101 is the sole and rightful owner of the ESTRATEST Registration.

14.     Pharma 101 has been endeavoring to launch its commercial ESTRATEST product since acquiring the ESTRATEST Registration.  For example, Pharma 101 has taken at least the following steps to bring its ESTRATEST product to market since receiving the assignment of the ESTRATEST Registration: (a) located active pharmaceutical ingredient ("API") suppliers, (b) located contract manufacturers, and (c) engaged in negotiating distribution agreements.

15.     Based on those efforts, Pharma 101 anticipates having a product in commerce under the ESTRATEST trademark within the next few months.

16.     In an effort to unfairly compete and improperly appropriate Pharma 101's established trademark rights, Method filed its own federal trademark application to register the ESTRATEST name for the same types of products.

17.     After Method's trademark application was rejected by the United States Patent and Trademark Office ("USPTO") based on Pharma 101's ESTRTEST Registration, Method commenced a trademark cancellation proceeding before the USPTO Trademark Trial and Appeal Board ("TTAB"), namely Cancellation No. 92068970, attempting to cancel Pharma 101's federal ESTRATEST Registration.

In so doing, Method argued that prior owners of Pharma 101's federal ESTRATEST Registration have abandoned the trademark rights in that registration.

18.    The TTAB granted Method's petition to cancel Pharma 101's ESTRATEST Registration on August 17, 2020.

19.    Pharma 101 seeks judicial review in this civil action to reverse the TTAB's cancellation because that decision was based on insufficient evidence, improper factual findings, and a flawed legal analysis.  In addition, Pharma 101 intends to introduce additional evidence, which is allowed in this action.

## METHOD'S TRAEMARK APPLICATION FILINGS

20.    On July 19, 2016, Method filed U.S. Trademark Application Serial No. 87108882 ("First Method Trademark Application"), which was an intent-to-use application for ESTRATEST in International Class 005 for "Hormone Replacement Therapy Preparations."  As part of that filing and despite the existing ESTRATEST Registration, Method alleged that it had a bona fide intent to use the mark in commerce.  The First Method Trademark Application was abandoned prior to the TTAB proceeding on July 21, 2017 and was not asserted in the TTAB proceeding.

21.    On September 14, 2017, Method filed U.S. Trademark Application Serial No. 87608565 ("Second Method Trademark Application"), which was an intent-to-use application for ESTRATEST in IC 005 for "Male and Female Hormone Tablet; Hormone Replacement Therapy Preparations."  As part of that filing and

despite the existing ESTRATEST Registration, Method alleged that it had a bona fide intent to use the mark in commerce.  The Trademark Examiner rejected the Second Method Trademark Application based upon a determination that there was a likelihood of confusion with the already-existing ESTRATEST Registration.  The Second Method Trademark Application was the only trademark registration asserted in the TTAB proceeding and was abandoned on February 4, 2020.

22.     On May 31, 2018, Method filed U.S. Trademark Application Serial No. 87943680 ("Third Method Trademark Application"), which was an intent-to-use application for ESTRATEST in International Class 005 for "Male and Female Hormone Tablet; Hormone Replacement Therapy Preparations."  As part of that filing and despite the existing ESTRATEST Registration, Method alleged that it had a bona fide intent to use the mark in commerce.  The Third Method Trademark Application was abandoned on March 20, 2019 and was not asserted by Method during the TTAB proceeding.

23.     On May 15, 2020, Method filed U.S. Trademark Application Serial No. 88918198 ("Fourth Method Trademark Application"), which was an intent-to-use application for ESTRATEST in International Class 005 for "Male and Female Hormone Tablet; Hormone Replacement Therapy Preparations."  As part of that filing and despite the existing ESTRATEST Registration, Method alleged that it had

a bona fide intent to use the mark in commerce.  The Fourth Method Trademark Application was not asserted by Method during the TTAB proceeding.

24.     Upon information and belief, Method did not have a bona fide intent to use the ESTRATEST mark in commerce when filing its aforementioned trademark applications and still does not have a bona fide intention to use the ESTRATEST mark in commerce.

25.     As noted above, the Second Method Trademark Application was the only trademark registration asserted in the TTAB proceeding and was abandoned by Method on February 4, 2020.  Between the period of February 4, 2020 and May 15, 2020, Method did maintain any pending federal trademark applications for the ESTRATEST mark.

## BOARD PROCEEDING

26.     Following the rejection of its Second Method Trademark Application, Method filed a petition to cancel the ESTRATEST Registration on July 3, 2018.  As a result of that filing, Trademark Cancellation No. 92068970 was commenced.

27.     Method's sole allegation in the TTAB proceeding was that prior owners of the ESTRATEST Registration had abandoned the ESTRATEST Trademark before the ESTRATEST Registration was assigned to Pharma 101.

28.     Pharma 101 denied all allegations of abandonment in the TTAB proceeding.

29.     During the trial portion of the cancellation proceeding, Method's sole asserted basis for standing was that it was harmed by the Trademark Office's rejection of the Second Method Trademark Application.   However, as noted previously, the Second Method Trademark Application was abandoned during the pendency of the cancellation proceeding.

30.     The Board issued a final decision in Trademark Cancellation No. 92068970 on August 17, 2020 ("Cancellation Decision").   A true and correct copy of the Cancellation Decision is attached hereto as Exhibit B and incorporated herein by reference.   That decision granted Method's petition to cancel Pharma 101's ESTRATEST Registration.

## REPRESENTATIVE CHALLENGES TO THE TTAB DECISION

31.     The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein.

32.     The TTAB committed legal errors and made unsupported factual findings that require reversal of its granting of Method's petition to cancel the ESTRATEST Registration.

33.     The Board's decision is void because Method lacked standing at all times during the TTAB proceeding.   Specifically, Method only asserted standing during the trial phase of the TTAB proceeding based on the rejection of its Second Method Trademark Application.   However, during the Board proceeding, the

Second Method Trademark Application was abandoned.  As such, Method lacked standing to pursue the cancellation and the Board erred in failing to dismiss the petition to cancel.

34.     Because the Administrative Procedures Act, namely 5 U.S.C. § 554(b)(3), requires that "[p]ersons entitled to notice of an agency hearing shall be timely informed of the matters of fact and law asserted," the Board could not base a standing determination on any other ground not pursued by Method on the merits during the cancellation proceeding.

35.     Method also failed to establish abandonment to support its cancellation petition.  Method bore the burden to establish its allegations that the ESTRATEST mark was abandoned by prior owners of the ESTRATEST Registration but Method failed to present sufficient evidence to carry that burden.

36.     As part of the Board's error, it relied upon speculative arguments by Method that press releases suggested that Solvay, a prior owner of the ESTRATEST Registration, made a decision to halt distribution of its ESTRATEST product in March 2009.  Those press releases, while indicating that a decision was made in March 2009 to halt such distribution, do not indicate when distribution was actually halted or that any halt was permanent.

37.     Moreover, a sworn declaration was submitted to the PTO on October 1, 2009 and signed by a member of the Georgia Bar, under penalty of perjury, stating

that, as of October 1, 2009, more than six months after the alleged March 2009 "halt" date, the ESTRATEST Trademark was still "in use in commerce on or in connection with the goods and/or services" stated in the ESTRATEST Registration.  That submission also included a product specimen showing the ESTRATEST Trademark used on a packaging label which at least as of October 1, 2009.  Such unrefuted testimony confirms that the ESTRATEST Trademark and ESTRATEST Registration were not abandoned and were not intended to be abandoned.

38.    The Board erred by failing to properly weigh sworn testimony that the ESTRATEST Trademark was in use that fully refuted Method's unsupported speculation of non-use of the ESTRATEST mark.

39.    Method also failed to submit sufficient evidence to show that Abbott, another prior owner of the ESTRATEST Registration, abandoned or intended to abandon the ESTRATEST Trademark.

40.    In fact, the only evidence of record from Abbott shows that it intended to continue use of the ESTRATEST Trademark by either licensing or assigning the ESTRATEST Registration to others, indicating that it had not abandoned the trademark or registration.

41.    In addition to any sufficient evidence of non-use of the ESTRATEST mark by the prior owners of the ESTRATEST Registration, Method further failed to

present sufficient evidence that any former owners of the ESTRATEST Registration had any intent to abandon and not resume use of the ESTRATEST Trademark.

42.     The Board committed further legal error by effectively ignoring the proper legal standard and burden of persuasion and improperly placing a burden on Pharma 101 to show use of the ESTRATEST Trademark during the challenged periods, to show an intent not to abandon the ESTRATEST Trademark during the challenged periods, and to establish efforts that show no abandonment.  By so doing, the Board committed legal error.

43.     Pharma 101 further reserves the right to present new evidence in this proceeding to refute Method's allegations that the ESTRATEST Trademark was abandoned.

## COUNT I
## REQUEST FOR JUDICIAL REVIEW AND REVERSAL OF THE TTAB CANCELLATOIN DECISION

44.     The allegations set forth in the previous paragraphs are incorporated by reference as if fully set forth herein.

45.     The Board's Cancellation Decision rested upon numerous errors of law and fact that constitute reversible error, including the non-exclusive examples of such errors set forth above.

46.     The Board erred in concluding that Method maintained standing to continue the cancellation proceeding.

**COMPLAINT**                                                        **Page 11 of 14**

47.     There has been no abandonment of the ESTRATEST mark by the prior owners of the ESTRATEST Registration, and the Board erred in concluding that Method had established such abandonment.

48.     Upon information and belief, additional evidence submitted in this proceeding will refute Method's allegations of non-use of the ESTRATEST Trademark and allegations of any intent to abandon the ESTRATEST Trademark by prior owners of the ESTRATEST Registration.

49.     Based upon the Board's errors and any new evidence submitted in this proceeding, the Board's grant of Method's cancellation petition should be reversed and vacated and the ESTRATEST Registration should not be cancelled.

## <u>DEMAND FOR A JURY TRIAL</u>

Pursuant to Fed. R. Civ. P. 38, Pharma 101 requests a trial by jury of all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Pharma 101 prays that the Court grant judgment with the following relief:

A.    Reversal of the Board's decision to grant the petition to cancel the ESTRATEST Registration;

B.    Ordering the Board to deny Method's cancellation petition;

C.    Declaring that Method lacked standing to cancel the ESTRATEST Registration; and

D.    Granting Pharma 101 such other further relief as the Court deems just and proper.

Respectfully submitted, this 19th day of October, 2020.



By: _____

**FOX ROTHSCHILD LLP**

Andy Nikolopoulos
State Bar No. 24044852
Saint Ann Court
2501 N. Harwood Street, Suite 1800
Dallas, TX 75201
(214) 231-5776 - direct
(972) 404-0516 - fax
anikolopoulos@foxrothschild.com


**NELSON MULLINS RILEY & SCARBOROUGH, LLP**

Neil C. Jones
Federal Bar No. 5470
E-Mail: neil.jones@nelsonmullins.com
Greenville ONE
2 W. Washington Street, Suite 400
Greenville, SC  29601
(864) 373-2300

Ashley B. Summer*
Federal Bar No. 9560
E-Mail: ashley.summer@nelsonmullins.com
280 Park Avenue, 15th Floor West
New York, NY 10017
(646) 428-2636
*pro hoc vice admission request forthcoming*

*Attorneys for Plaintiff Pharma 101, LLC*